UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 03-10141-GAO

UNITED STATES OF AMERICA,

v.

KURT ROBERSON,
Defendant.

OPINION AND ORDER
February 16, 2010

O'TOOLE, D.J.

## I.     Background

The petitioner, Kurt Roberson, has moved to vacate his sentence pursuant to 28 U.S.C. § 2255. On July 13, 2004, after a jury trial, he was found guilty of possession with intent to distribute and distribution of fifty grams or more of a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and of using or carrying a firearm during and in relation to that drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Prior to trial, the government filed an information pursuant to 21 U.S.C. § 851, alleging that by virtue of a 1996 conviction in Stoughton District Court for distribution of marijuana in violation of Massachusetts General Laws chapter 94C, § 32D, Roberson faced enhanced penalties under 21 U.S.C. § 841(b)(1)(A). That section provides that "[i]f any person commits [a violation of § 841(a)] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." In response to the § 851 information, Roberson argued that the prior conviction did not constitute a "felony drug offense" as that term is used in § 841(b)(1)(A), that the government's requested

sentencing enhancement would be unlawful under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), unless the fact of the prior conviction was decided by a jury or admitted by the defendant, and that the procedure set out in § 851 for affirming or denying his prior conviction violated his Fifth Amendment right against self-incrimination.

This Court rejected those arguments and sentenced Roberson to a term of imprisonment of 300 months: the statutory minimum for the drug count in light of the prior felony drug offense (20 years or 240 months) plus the statutory minimum for the gun count (5 years or 60 months) to be served consecutively to the sentence for the drug count, <u>see</u> 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii). Roberson appealed, again arguing that his prior conviction did not qualify as a "felony drug offense," and also contesting the jury instructions, the sufficiency of the evidence as to the gun charge, and the admission of testimony about the addictive nature of crack cocaine. The First Circuit affirmed. <u>United States v. Roberson</u>, 459 F.3d 39 (1st Cir. 2006).

While his direct appeal was pending, Roberson moved *pro se* in state court to dismiss or vacate his 1996 drug conviction that was the basis for the twenty-year mandatory minimum sentence on the drug count. He argued, among other grounds, that that conviction had been unconstitutionally obtained because his plea of guilty was not intelligent, knowing, and voluntary, there being no extant record of a plea colloquy informing him of his constitutional rights. <u>See</u> <u>Boykin v. Alabama</u>, 395 U.S. 238, 242–44 (1969).[1] On August 25, 2006, the motion to vacate the conviction was allowed, and the charge was later dismissed on November 28, 2006.

---

[1] The argument under <u>Boykin</u> was the federal constitutional ground asserted in support of his motion. He also raised a number of state law grounds. (<u>See</u> Mot. Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Exs. 1–3.)

Having succeeded in vacating his state court conviction, Roberson now moves to vacate his federal sentence that was enhanced by reason of that state conviction. The government opposes the motion, arguing principally that Roberson's sentence cannot be vacated pursuant to his present motion under 28 U.S.C. § 2255 because a challenge to the use of a prior felony drug offense to enhance his sentence can only be made before sentencing in accordance with the procedures described in 21 U.S.C. § 851.

## II.   Vacation of the Prior Drug Felony Conviction

After Roberson was convicted by a jury of possession with the intent to distribute, or distribution, of fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), the otherwise applicable ten-year minimum mandatory sentence of imprisonment was required to be doubled to twenty years if the government established that he had "a prior conviction for a felony drug offense" that had "become final" prior to his commission of the crime charged in the pending indictment. Id. § 841(b)(1)(A).

Procedures to be followed if the government seeks to establish the fact of a prior conviction that would have sentence-enhancing effect under § 841(b)(1)(A) or (B) are set forth in 21 U.S.C. § 851. First, the government must file an information to establish the prior conviction. Id. § 851(a). After the defendant's conviction but before sentencing, the court must ask the defendant whether he affirms or denies that prior conviction and must inform the defendant "that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Id. § 851(b). Section 851(c)(1) provides that a defendant who "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid," must respond in writing to the information, and the court must then hold a hearing on the issues raised, at which the government has "the burden of proof

beyond a reasonable doubt on any issue of fact." Section 851(c)(2) specifically addresses a defendant's claim that the conviction alleged in the information was obtained in violation of the Constitution (in which case the defendant's written response to the information must "set forth his claim, and the factual basis therefor, with particularity . . .") and places on the defendant the burden of proving any relevant facts by a preponderance of the evidence. Section 851(c)(2) also provides that challenges not made prior to imposition of the sentence are thereafter waived. Finally, § 851(e) limits prior convictions that may be challenged to those which occurred no more than five years prior to the date of the information.

Although Roberson objected to the use of his 1996 state conviction for marijuana distribution to enhance his federal sentence for the three reasons outlined above, he did not challenge the validity of that prior conviction before imposition of the federal sentence. The question presented by his current motion is whether, not having challenged the validity of the prior conviction in accordance with the § 851 procedures, he may nonetheless move under § 2255 for resentencing on the basis of his subsequent success in vacating the state conviction pursuant to state postconviction collateral attack. The government argues that § 851 provides an exclusive opportunity to avoid enhancement of a sentence for a federal drug offense by challenging the fact or validity of a prior conviction prior to sentencing. Roberson's argument is that the § 851 procedures are not exclusive and that he may seek resentencing under § 2255 to eliminate the enhancement when the prior conviction has actually been vacated subsequent to imposition of the federal sentence.

There do not appear to be any appellate decisions directly on point. Roberson relies principally on three Supreme Court cases that generally support the proposition that an enhanced federal sentence may be adjusted on a § 2255 motion after the enhancing prior conviction has

been vacated, as well as some decisions of the First Circuit more or less to the same effect. Because the relevance of the cases on which he relies to the present question is more oblique than direct, it is helpful to describe the issues and outcomes in those cases in some detail.

A starting point is United States v. Paleo, 967 F.2d 7 (1st Cir. 1992). In that case, the First Circuit held that a defendant could challenge in the federal sentencing proceeding itself the validity of prior state convictions that would enhance his sentence pursuant to the Armed Career Criminal Act of 1994 ("ACCA"), 18 U.S.C. § 924(e). Id. at 11. That ruling was short-lived, however, because the Supreme Court effectively overruled Paleo in Custis v. United States, 511 U.S. 485 (1994), holding that a defendant facing an enhanced sentence under § 924(e) because of extant prior state convictions could not collaterally attack those convictions in his federal sentencing proceeding, except to claim that the convictions had been obtained in violation of Gideon v. Wainwright, 372 U.S. 335 (1963), because there had been a complete denial of the right to counsel. See Custis, 511 U.S. at 487; United States v. Tracy, 36 F.3d 187, 197 (1st Cir. 1994) (recognizing that Paleo "was all but overruled" by Custis).

The Court rejected Custis's argument that § 924(e) contained an implied right to bring such a challenge at the time of sentencing and concluded that "Congress did not intend to permit collateral attacks on prior convictions under § 924(e)." Custis, 511 U.S. at 493. Perhaps significantly for the present question, the Court drew a contrast between § 924(e) and § 851, which it noted does expressly authorize collateral attack on a prior conviction at sentencing. See id. at 492. The Court then went on to say in dictum that

> Custis . . . may attack his state sentences in Maryland or through federal habeas review. If Custis is successful in attacking these state sentences, he may then apply for reopening of any federal

> sentence enhanced by the state sentences. We express no opinion
> on the appropriate disposition of such an application.

Custis, 511 U.S. at 497 (internal citation omitted).

Later, in Daniels v. United States, 532 U.S. 374, 377 (2001), the Court held that a defendant may not use a post-sentencing motion under § 2255 to challenge the validity of prior state convictions that had been used to enhance his federal sentence under the ACCA. In that case, Daniels sought to use a § 2255 petition both to determine that the prior convictions had been unconstitutionally obtained and then, on that basis, to eliminate the enhancement of his federal sentence. See id. The Court explained that:

> After an enhanced federal sentence has been imposed pursuant to the ACCA, the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction. In Custis, we noted the possibility that the petitioner there, who was still in custody on his prior convictions, could "attack his state sentences [in state court] or through federal habeas review." If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence. As in Custis, we express no opinion on the appropriate disposition of such an application.

Id. at 382 (internal citations omitted).

In Johnson v. United States, 544 U.S. 295 (2005), the Court was concerned with when § 2255's one-year limitations period begins to run where a prisoner serving a sentence enhanced by a prior state conviction has succeeded in vacating that prior conviction and then seeks to reduce his federal sentence to eliminate the enhancement. Id. at 298–99. Johnson had been given an enhanced sentence as a career offender under § 4B1.1 of the then-mandatory United States Sentencing Guidelines because of two prior state court convictions. Id. at 298. He later successfully petitioned the state court to vacate one of the convictions on the ground that he had not knowingly and voluntarily waived his right to counsel when he pled guilty. Id. at 300–01. He then filed a § 2255 motion to vacate his enhanced federal sentence. Id. at 301.

Notably, the government and Johnson both agreed that, if his § 2255 motion was timely, he was "entitled to federal resentencing now that the State has vacated one of the judgments supporting his enhanced sentence." <u>Id.</u> at 302–03. The Court observed that the <u>Custis</u> and <u>Daniels</u> decisions had assumed "that a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." <u>Id.</u> at 303.[2] In <u>Custis</u>, the Court had "pointed out that a defendant who successfully attacked his state conviction in state court or on federal habeas review could then 'apply for reopening of any federal sentence enhanced by the state sentences.'" <u>Id.</u> at 303 (quoting <u>Custis</u>, 511 U.S. at 497). Similarly, in <u>Daniels</u>, the Court had "acknowledged that a prisoner could proceed under § 2255 after successful review of the prior state conviction on federal habeas under § 2254 or favorable resort to any postconviction process available under state law." <u>Id.</u> at 304 (citing <u>Daniels</u>, 532 U.S. at 381). Accepting what it said <u>Custis</u> and <u>Daniels</u> had assumed, the Court in <u>Johnson</u> held that the limitations period would begin to run "when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." <u>Id.</u> at 298.

Although Johnson was denied relief because the Court concluded that he had failed to challenge his state conviction with reasonable diligence, the Court's majority clearly viewed such relief to be available if diligence were shown. <u>See id.</u> at 302–04. The dissenting justices would have rejected the due diligence requirement, but they agreed with the majority that the order of vacatur begins the limitations period and that a § 2255 petition was an available vehicle

---

[2] This assumption may have overstated what the <u>Custis</u> and <u>Daniels</u> decisions had actually said. Rather than assuming that a defendant who vacated a prior conviction would be "entitled to a reduction" in his federal sentence, <u>Johnson</u>, 544 U.S. at 303, the Court in both <u>Custis</u> and <u>Daniels</u> stated it was expressing no opinion about the outcome of the defendant's potential § 2255 petition. <u>Daniels</u>, 532 U.S. at 382; <u>Custis</u>, 511 U.S. at 497.

for adjusting a federal sentence after an enhancing prior conviction had been vacated. See id. at 312–13 (Kennedy, J., dissenting). Justice Kennedy explained that Custis and Daniels

> were decided on the understanding that Congress did not expect federal sentences to be enhanced irrespective or the validity of the state conviction relied upon for the enhancement. Those cases suggest that the proper procedure for reducing a federal sentence enhanced on the basis of an invalid state conviction is to seek a vacatur of a state conviction, and then proceed through federal habeas.

Id. at 313 (internal citation omitted).

The First Circuit has given effect to this view, holding that a motion under § 2255 is a proper vehicle for reopening federal sentences that have been enhanced under the ACCA, § 924(e)(1), see United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996), or the United States Sentencing Guidelines, see Mateo v. United States, 398 F.3d 126 (1st Cir. 2005).

In Pettiford (decided after Custis, but before Daniels and Johnson), the petitioner moved for resentencing under § 2255 after succeeding in vacating several underlying state convictions that had subjected him to a fifteen-year mandatory minimum under the ACCA. 101 F.3d at 200. The government argued that § 2255 only applied to "prisoners incarcerated 'in violation of the Constitution or laws of the United States,'" and therefore not to Pettiford's case. Id. at 201. The First Circuit rejected this argument, agreed with the Supreme Court's dictum in Custis, and explained that, in addition to its ability to remedy constitutional defects, § 2255 explicitly allows for a motion to vacate a sentence which "is otherwise subject to collateral attack," a category which "encompasses other than constitutional or statutory error." Pettiford, 101 F.3d at 201 (emphasis omitted).

In Mateo (decided after Daniels but before Johnson), the defendant's federal sentence had been enhanced under the mandatory Sentencing Guidelines because he had committed the

federal offenses of conviction while a warrant was outstanding for violation of his probation imposed for a state conviction. 398 F.3d at 127. In the application of the Guidelines, Mateo had received one criminal history point for the prior conviction itself under USSG § 4A1.1(c) and two criminal history points for having committed the federal offense while under a criminal justice sentence, pursuant to USSG §§ 4A1.1(d) and 4A1.2(m). Mateo, 398 F.3d at 127–29, 128 n.2. After his federal sentence was imposed, Mateo obtained an order from the state court vacating his state conviction and the consequent probationary sentence. He then moved to vacate his federal sentence under § 2255. Id. at 127–28. Although "[a]t the time of the original sentencing . . . the district court could scarcely have calculated Mateo's criminal history differently than it did," the court held that the "[v]acation of the state conviction was an event which, under the Guidelines, called for the reduction . . . ." and affirmed the district court's revision of his sentence. Id. at 133. The court acknowledged that Pettiford had involved the ACCA, not the Sentencing Guidelines, but observed that "the underlying principle was the same . . . ," recognizing the Pettiford court's reliance on the Supreme Court's dictum in Custis. Id. at 134 & n.6.

The Mateo court also held that it should make no difference that, unlike in Pettiford, two of the three criminal history points were not based on the prior conviction itself, but rather on Mateo's having committed the federal offenses while subject to a warrant for violation of the state probationary sentence. Id. at 135. The court explained that although "a policy argument can be made that later vacation of the underlying conviction is irrelevant, as the federal offenses

were indeed committed while a warrant was outstanding,"[3] the Guidelines say otherwise, as they consider a defendant to have been under a criminal justice sentence if a violation warrant from a prior sentence is outstanding only if that sentence is otherwise countable. Id. Because the prior conviction was vacated, the probationary sentence from that conviction was no longer countable under the Guidelines, and, derivatively, the violation warrant should be ignored because Mateo was not under a valid criminal justice sentence. Id. Accordingly, Mateo's criminal history category had to be recalculated to reflect the elimination of three criminal history points and he was to be resentenced accordingly. See id.

Taken together, these cases indicate that an enhanced federal sentence may be set aside on a § 2255 motion where an enhancing prior conviction has been vacated after the imposition of the federal sentence, *at least where there had been no opportunity to challenge the validity of the prior conviction in the course of the sentencing proceedings.* This qualification is the nub of the parties' disagreement. The government argues that a defendant sentenced under § 841(b)(1)(A) has the opportunity to challenge the validity of the enhancing prior conviction in the sentencing proceeding itself under the procedures set out in § 851, unlike the defendants in all the cases cited above. If that opportunity is not taken, or if it is not available because of the age of the prior conviction, the government argues, the defendant is foreclosed by the terms of § 851 from a later federal collateral attack on the sentence via § 2255. On the other hand, Roberson argues that § 851's procedures should not be considered exclusive because the cases since Custis have consistently indicated that the § 2255 remedy remains available to persons

---

[3] This is essentially the "policy argument" the Supreme Court adopted in concluding that a person who was a convicted felon at the time he possessed a firearm committed the offense of being a felon in possession of a firearm, and that later vacatur of the prior felony conviction was not a reason to set aside the felon-in-possession conviction. See Lewis v. United States, 445 U.S. 55, 65 (1980).

whose enhancing prior state convictions are vacated after imposition of the enhanced federal sentence.

The matter is one of discerning congressional intent. The Supreme Court looked to discernable congressional intent in addressing related issues. See <u>Custis</u>, 511 U.S. at 493 (concluding that "Congress did not intend to permit collateral attacks on prior convictions under [ACCA] § 924(e)"); <u>Daniels</u>, 532 U.S. at 386 (Scalia, J. concurring) (commenting that "Congress did not expect challenges to state convictions (used to enhance federal convictions) to be brought under § 2255"); <u>Johnson</u>, 544 U.S. at 305–06 (stating, in the context of the Sentencing Guidelines, "Congress does not appear to have adopted a policy of enhancing federal sentences regardless of the validity of state convictions relied on for the enhancement"). The question here, then, is whether Congress intended the procedures it set forth in § 851 to provide the exclusive means for challenging prior convictions used to enhance drug crime sentences under § 841, or merely a non-exclusive means that would leave open later resort to § 2255 after vacatur of the enhancing prior conviction had otherwise been obtained.[4]

Section 851 does not expressly say that its procedures are "exclusive." It does contain two rather stark provisions, however, that, absent some source of qualification or circumscription, point toward the conclusion that Congress intended challenges to the validity of potentially enhancing prior convictions to be made under § 851's procedures prior to the original imposition of the federal sentence. First, the waiver provision in § 851(c)(2) provides:

---

[4] The issue presented here involves only a matter of statutory interpretation. Except where a prior conviction was obtained in violation of the right to counsel established in <u>Gideon</u>, there is no constitutional mandate requiring an opportunity "to attack collaterally prior convictions used for sentence enhancement." <u>Custis</u>, 511 U.S. at 496; <u>accord</u> <u>Daniels</u>, 532 U.S. at 378.

> Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.[5]

This language seems rather plainly to channel "[a]ny challenge to a prior conviction" into the § 851 procedure. This point appears perhaps even clearer if the rule is rephrased in more negative terms: "No challenge to a prior conviction shall be made except by response to the information, unless good cause exists, etc." Apart from the expressed "good cause" exception, it is hard to imagine a more straightforward expression of intended exclusivity.

The sense of the waiver provision also supports this understanding. The provision is essentially meaningless unless it forecloses a post-sentencing challenge to a prior conviction as a way of eliminating the enhancement. Roberson's argument would read into the waiver provision an unstated "unless" clause: any challenge to the prior conviction not raised in response to the § 851 information is waived, unless the challenge is made via § 2255 after the prior conviction has been vacated by a state court. Imagining this gloss on the waiver provision would be consistent with the later-decided cases under the ACCA and the Sentencing Guidelines, but there really is no reason to think that the hypothetical addition truly represents what Congress intended when it adopted § 851.[6] Moreover, there already is an "unless" clause—the "good cause" exception—

---

[5] "Good cause" might exist, for example, where information establishing the invalidity of the prior conviction was not available at the time of the federal sentencing so that the challenge could not reasonably have been made, as, for instance, in cases of exoneration by subsequent DNA testing.

[6] Section 851 was enacted as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. 91-513, 84 Stat. 1236. It thus predated all of the cases on which Roberson relies. What Congress might have otherwise said or intended if those cases had been decided when it enacted § 851 is a matter of pure speculation and of no use in resolving the present dispute.

and the existence of that exception also supports the government's interpretation. The "good cause" exception would be unnecessary if there could be a later challenge to the validity of the prior conviction on a post-sentencing § 2255 motion as a matter of course.[7]

The second telling provision is the limitations period established by § 851(e):

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

Unlike the waiver provision, this language is absolute; there is no "unless" or "except" clause. Subsection (e) limits the remedy such a person may have with respect to prior convictions that may enhance a sentence for a crime under § 841. Those prior convictions that are more than five years old will stand as unchallengeable and will be used as a basis for enhancing the otherwise applicable mandatory minimum sentence. There is nothing in this provision that implies, or is even consistent with a possible implication, that older convictions may nonetheless be challenged in other ways so as to affect the sentence imposed. If the limitations provision does not in fact limit challenges, because challenges outside the § 851 procedures are also possible, then the provision serves no purpose. The usual canon of construction is to construe congressional acts in a way that gives them effect. Aguilar v. U.S. Immigration & Customs Enforcement Div. of Dep't of Homeland Sec., 510 F.3d 1, 10 (1st Cir. 2007) (citing United States v. Ven-Fuel, Inc., 758 F.2d 741, 751–52 (1st Cir. 1985)). Here, that calls for treating the § 851 procedures as exclusive as to enhanced drug crime sentences.[8]

---

[7] The "good cause" exception may excuse a failure to make a timely objection to the validity of a prior conviction prior to the imposition of the federal sentence. It does not authorize a "second-look" revision of the federal sentence for "good cause," such as the post-sentence vacatur of the prior conviction.

[8] It is important to note that § 841's enhancing provisions and § 851's presentencing information procedures are directed to the federal sentence only. They do not address the validity or

The procedural requirements applicable to the § 851 information are consistent with the conclusion that § 851 provides the exclusive means of challenging a prior conviction that could be used to enhance a federal drug sentence. The defendant is advised both by the information itself and by the court's colloquy under § 851(b) of the potential enhancement of his sentence by reason of the prior conviction.[9] If a challenge to the fact or validity of the prior conviction is not foreclosed by the limitations period under § 851(e), the defendant is advised that a challenge to the conviction must be made before sentencing. These detailed provisions suggest that Congress thought it important to emphasize to a defendant that the challenge must be timely made

---

invalidity of the prior convictions for other purposes. For this reason, the anti-preemption provision cited by Roberson, 21 U.S.C. § 903, is not pertinent here. Section 851 has no effect on either the validity or invalidity of a prior state conviction for purposes of state law. A finding by a federal court that the prior conviction was invalid for purposes of federal sentencing would not vacate that conviction under state law (unlike, for instance, the grant of a habeas petition under 28 U.S.C. § 2254). Conversely, a federal court's determination either that a prior conviction was not shown to be invalid or that it was not subject to challenge because of the limitations period or the waiver rule would not preclude a State from vacating the conviction for state law purposes. Section 851 works no interference with state law or policy. Cf. Paleo, 967 F.2d at 12 ("The federal court's reexamination of the past state conviction does not free a state prisoner or otherwise interfere with the state's authority. It simply decides the length of a new federal sentence, a matter of relative indifference to the state.").

[9] Roberson argues that the Court did not inquire of him whether he affirmed or denied the prior conviction or inform him that any challenge to the prior conviction not made before the sentence was imposed could not thereafter be raised to attack the sentence, as required by 21 U.S.C. § 851(b). There are three reasons why the omission was at most harmless error. See United States v. Romero-Carrion, 54 F.3d 15, 18 (1st Cir. 1995) (claim of omission to give § 851 colloquy subject to harmless error review). First, because the prior conviction was more than five years old, § 851(e)'s statute of limitations barred any such challenge to it before sentencing. "The failure to conduct a § 851(b) colloquy is harmless when all of the prior convictions contained in the information are more than five years old." United States v. Dickerson, 514 F.3d 60, 65 (1st Cir. 2008). Moreover, Roberson's counsel made two arguments on his behalf that the prior conviction should not be used to enhance the federal sentence—it was not a qualifying felony and its use was barred by the Blakely rule—and thus as a practical matter supplied the information the colloquy was designed to elicit by implicitly acknowledging that the convictions were Roberson's. Finally, Roberson's third argument in response to the information was that asking him whether he acknowledged or denied the prior conviction violated his right against self-incrimination. It is difficult to accept his argument now that he should have been asked about it when his argument then was that he should not.

precisely because, after the sentencing, it would not otherwise be possible for a defendant to challenge the enhancing prior conviction. The procedures are the equivalent of advice to "speak now or forever hold your peace."

To be sure, this attempt to understand congressional intent is indirect and inferential, and it is thus not a certain thing. It is difficult, however, to read § 851 and think that Congress intended the procedures set forth there to be only one option by which a challenge to an enhancing prior conviction might be made. The better conclusion is the contrary one: Congress intended to permit a challenge to a prior conviction that would enhance a sentence under § 841 only in accordance with the procedures set forth in § 851. It follows that once that opportunity has passed without a challenge, none can be made, even if in other circumstances, such as a sentencing under the ACCA, a later opportunity might exist to challenge a sentence by means of a motion under § 2255.

Custis, Daniels, Johnson, Pettiford, and Mateo do not require a different conclusion.[10] None of those cases addressed the precise question presented here. They dealt with situations where, because of the rule announced in Custis, a collateral attack on the prior conviction was not possible at sentencing. See Custis, 511 U.S. 491–92. It is true that Pettiford regarded the fourth ground for post-sentencing relief expressed in § 2255—that the sentence "is otherwise subject to collateral attack"—as providing a broad remedial opportunity. 101 F.3d at 201. That does not help Roberson here, however. An argument that his sentence is "otherwise"—that is, outside of the § 851 procedures—"subject to collateral attack" simply begs the question. If Congress intended the § 851 procedures to be exclusive, then a sentence enhanced by a prior

---

[10] A recent district court decision concluded that "the limitations set forth in §§ 851(c) and (e) do not apply to § 2255 proceedings." Clay v. United States, No. 2:00-CR-0008-RWS-JRS-1, No. 2:06-CV-0009-RWS, 2009 WL 1657095, at *4 (N.D. Ga. June 11, 2009). For the reasons set forth in this Opinion and Order, I must respectfully disagree with that conclusion.

conviction not challenged in accordance with those procedures is not "otherwise subject to collateral attack." The subsequent vacatur of a state conviction does not make the federal sentence susceptible to collateral attack.[11]

There is an understandable impulse to revoke the effect of enhancement when the basis for that enhancement has been vitiated. In certain circumstances, illustrated by the cited cases, there may be little in the way of countervailing interest. But in § 851, Congress has apparently intentionally limited the procedural opportunities to challenge prior drug convictions that may enhance a later federal drug crime sentence. It is commonplace for procedural constraints, such as rules of limitations and waiver, to put beyond reach substantive remedies that might otherwise be available. The Daniels court recognized this reality:

> If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

532 U.S. at 382.

For all these reasons, I conclude that Roberson may not have his federal sentence vacated because the State has subsequently vacated the prior conviction that enhanced the applicable mandatory minimum term of imprisonment. The better conclusion is that Congress intended the provisions of § 851 to provide the exclusive basis and procedures for challenging such a prior

---

[11] It bears emphasizing that prior convictions that could not have been challenged prior to sentencing because the ground for challenge—such as newly discovered evidence—did not exist prior to the federal sentencing could, consistent with the exception clause in § 851(c)(2), be challenged later by means of a § 2255 motion. The vacatur of Roberson's prior conviction was not based on any such newly discovered evidence, but rather on the circumstances of his plea of guilty. Roberson has not argued that anything would have prevented him from making the same arguments to the state court before his federal sentencing.

conviction as it pertains to the enhancements for federal drug crimes authorized under § 841(b)(1)(A) and (B). Roberson's existing prior state conviction, being more than five years old at the time, was not subject to challenge at the time of his sentencing but rather was conclusively presumed valid by dint of the limitations provision in § 851(e). Moreover, by failing to challenge the validity of the prior conviction prior to sentencing as permitted by the statute, he has waived any subsequent challenge in the absence of a showing of good cause, which has not occurred. See § 851(c)(2).

### III.    Other Grounds

Roberson's motion to vacate asserts two other grounds, which merit only brief mention. He argues that the Court failed to conduct an effective voir dire during jury selection with respect to racial prejudice, see Batson v. Kentucky, 476 U.S. 79 (1986), and that his attorney was constitutionally ineffective in failing to push for such a voir dire. He also claims that the Supreme Court's decision in Watson v. United States, 552 U.S. 74 (2007), renders his conviction on the gun charge constitutionally suspect.

The Batson claim fails because it was not raised on direct appeal, and is therefore procedurally defaulted. See Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007).[12] Even absent the procedural bar, this claim would fail on the merits because no "special circumstances" were present that mandated the questioning of jurors for racial prejudice. See Rosales-Lopez v. United States, 451 U.S. 182, 192 (1981); United States v. Brown, 938 F.2d 1482, 1485 (1st Cir. 1991). Trial counsel clearly was not constitutionally ineffective for failing to make such a meritless argument.

---

[12] Roberson has not attempted to establish "cause and prejudice," nor actual innocence, to overcome the default. See id. at 56 & n.6.

In <u>Watson</u>, the Supreme Court held that a defendant who exchanged drugs for a gun did not "use" a firearm as that term is meant in 18 U.S.C. § 924(c). 552 U.S. at 586. The <u>Watson</u> decision does not undercut the basis for the First Circuit's decision affirming the petitioner's conviction. <u>See</u> <u>Roberson</u>, 459 F.3d at 44–49.

## IV.   Motions to Amend

Roberson has twice moved for leave to amend his § 2255 motion. The first motion to amend sought simply to insert corrected text into his memorandum of law in support of the motion. That motion (dkt. no. 113) is granted.

The second motion to amend (dkt. no. 132) would add a claim that, if the Court were to hold that § 851 barred relief, his trial counsel was constitutionally ineffective because he did not attack the state court conviction in state court prior to his federal sentencing. The government has not formally opposed the motion, although at oral argument on the unamended motion, the government did briefly advance some arguments against amendment.

The original motion had been filed by Roberson acting pro se. The motion to amend to add the ineffective assistance claim was filed by counsel shortly after his appointment to represent Roberson with respect to the present § 2255 motion. The issue to be added to the existing motion is related to the principal ground asserted by Roberson and appears to be a substantial one that deserves hearing on the merits. The motion to amend by adding the ineffective assistance of counsel claim is granted.

## V.   Order

For the reasons set forth herein, Roberson's motion to set aside his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 110) is DENIED as to each of the three grounds asserted in the original motion. The first motion to amend (dkt. no. 113) is GRANTED. The second motion to

amend (dkt. no. 132) is GRANTED to add a claim of ineffective assistance of counsel. A conference will be scheduled to discuss with counsel the manner and timing of the consideration of that new ground.

It is SO ORDERED.


/s/ George A. O'Toole, Jr.
United States District Judge